JAMES HOLDER *v.* THE STATE.*

(*Knoxville.* September Term, 1925.)

1. **HOMICIDE.** Instruction defining involuntary manslaughter, omitting qualification that killing must be natural or probable result of unlawful act, held erroneous.

Instruction, that involuntary manslaughter is death accidentally caused by some unlawful act, or by some act not strictly unlawful, but done in an unlawful manner, and without due caution, is erroneous, as omitting qualification that killing must be natural or probable result of unlawful act. (*Post, pp.* 391, 392.)

Case cited and approved: Dixon v. State, 104 Miss., 410.

2. **HOMICIDE.** To constitute involuntary manslaughter, defendant must have handled pistol unlawfully carried in such a manner as to make killing of deceased a natural or probable result of his conduct.

Where killing was unintentional, defendant must have pointed pistol, unlawfully carried, at deceased, or intentionally shot it so as to endanger deceased, or otherwise handled it as to make killing of deceased a natural or probable result of such conduct, to make him guilty of involuntary manslaughter. (*Post, pp.* 392-394.)

Cases cited and approved: McDaniel v. State, 156 Ala., 40; State v. Trollinger, 162 N. C., 618; State v. Limerick, 146 N. C., 649; State v. Horton, 139 N. C., 588; Potter v. State, 162 Ind., 213; Robertson v. State, 70 Tenn., 239; Nelson v. State, 65 Tenn., 418.

---

*Headnote 1. Homicide, 30 C. J., Section 654; 2. Homicide, 29 C. J., Section 138.

---

*Homicide in commission of misdemeanor with dangerous weapon, see notes in 63 L. R. A., 353; 45 L. R. A. (N. S.), 219.

Homicide by misadventure as distinguished from involuntary manslaughter, see note in 3 L. R. A. (N. S.), 1153.

Holder v. State.

FROM WASHINGTON

Appeal from the Criminal Court of Washington County.—Hon. Guy S. Chase, Judge.

Divine & Guinn, for appellant.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The plaintiff in error was indicted for killing Jesse Crumley and convicted of involuntary manslaughter. He has appealed in error to this court. The deceased, the defendant, and one Lovelace seem to have been interested in the operation of an illicit still in Washington county. All three were at the still on April 21, 1925. While there a small pistol which plaintiff in error had carried out to the place was discharged, and Crumley was. killed thereby. The great weight of the proof tends to show that the killing was not intentional. A further discussion of the facts will be omitted, since the case must go back for another trial.

In the course of his charge, the court below instructed the jury as follows: ''Involuntary manslaughter is where it appears that neither death nor bodily harm was intended by the party killing and the death was accidentally caused by some unlawful act, or by some act not

strictly unlawful in itself, but is done in an unlawful manner and without due caution. The court instructs you that it is unlawful for a person not authorized to do so to carry, publicly or privately, a belt or pocket pistol, revolver, or any kind of pistol, except the army or navy pistol usually used in warfare, which shall be carried openly in the hand.''

We are not able to discover anything else said by the judge to avoid the necessary implication from the language just quoted.

The jury doubtless understood from this charge that if the plaintiff in error was unlawfully carrying a pistol, and said pistol was in any manner discharged while being so unlawfully carried, and the deceased was thereby killed, plaintiff in error was guilty of involuntary manslaughter.

This instruction of the trial judge to the jury is assigned as error, and we think this assignment must be sustained.

The books do state as a general proposition that if death was caused by some unlawful act, or by some act not strictly unlawful, but done in an unlawful manner, the killing will be involuntary manslaughter.

To this we think there should be added a qualification that the killing must be the natural or probable result of the unlawful act. *Dixon* v. *State,* 104 Miss., 410, 61 So., 423, 45 L. R. A. (N. S.), 219.

In the present case, before the plaintiff in error can be found guilty of involuntary manslaughter, something more should appear than that he merely carried a pistol in violation of the statute. It must appear that he pointed the pistol at the deceased, or intentionally shot it so as

to endanger deceased, or otherwise handled the weapon in such a manner as to make the killing of deceased a natural or probable result of such conduct.

After a review of many cases, the editor of the note, 63 L. R. A., 353, deduces the rule that, to render one guilty of involuntary manslaughter for a killing without design in the commission of an unlawful act, the act must be *malum in se,* as distinguished from an act *malum prohibitum;* that acts of the latter class do not supply the criminal intent necessary to render one punishable for the killing. Other cases to the same effect are collected in a supplemental note (45 L. R. A. [N. S.], 219).

It was held that to make one guilty of involuntary manslaughter, in an accidental shooting the presentation of the gun must have been intentional. *McDaniel v. State,* 156 Ala., 40, 46 So., 988, 21 L. R. A. (N. S.), 678, 130 Am. St. Rep., 74. So it was held that merely carrying a concealed weapon in violation of statute was an act *malum prohibitum,* and that something more must be shown before an accidental shooting becomes involuntary manslaughter. *State* v. *Trollinger,* 162 N. C., 618, 77 S. E., 957; *State* v. *Limerick,* 146 N. C., 649, 61 S. E., 568.

Again it was held that an accidental shooting while hunting on the premises of another without permission was *malum prohibitum,* and without more did not justify a verdict of involuntary manslaughter. *State* v. *Horton,* 139 N. C., 588, 51 S. E., 945, 1 L. R. A. (N. S.), 991, 111 Am. St. Rep., 818, 4 Ann. Cas. 797.

And it was also held that the accidental discharge of a pistol in a friendly scuffle was not involuntary manslaugh-

ter. *Potter* v. *State,* 162 Ind., 213, 70 N. E., 129, 64 L. R. A., 942, 102 Am. St. Rep., 198, 1 Ann. Cas., 32.

While our own cases (*Robertson* v. *State,* 2 Lea, 239, 31 Am. Rep., 602, and *Nelson* v. *State,* 6 Baxt., 418), considered verdicts of voluntary manslaughter, still the reasoning of these cases is in full accord with the authorities just cited.

There are a number of other errors assigned which do not require consideration.

For the reasons stated, the judgment below is reversed and this cause remanded for a new trial.