## 26641. ROBERSON *v.* THE STATE.

DECIDED MARCH 12, 1938.

*W. C. Little,* for plaintiff in error.

MACINTYRE, J. ■ In the instant case the judge read the Code sections and in explaining them expressly stated that the jury would not be authorized to convict the defendant of any offense if Carrie Roberson, the innocent bystander, was endeavoring to commit a felony upon the defendant, etc. This was a correct legal proposition but as there was no evidence to support such a charge and such an instruction was an abstract charge, and not being warranted by the evidence was erroneous and was excepted to on that ground. Subsequently the judge charged the jury very fully, fairly, and extensively that they would not be authorized to convict the defendant of any offense if Martha Roberson, the person at

whom he intentionally shot, was endeavoring to commit a felony upon the defendant, etc., even though he killed Carrie Roberson. This was correct and there was evidence to support it. We agree with the contention of the defendant that the charge excepted to was erroneous in that it was not warranted by the evidence, but we think the entire charge conveys the idea that the defendant would be justified in killing Carrie Roberson if either Carrie Roberson or Martha Roberson committed a felonious assault, etc., upon him. Thus the charge sought to give to the defendant a right of justification not claimed by him, to wit, that he would be justified in killing Carrie Roberson if she made a felonious assault (though there was no evidence that Carrie did anything, she being merely an innocent bystander) upon him. However, the right which the defendant did claim was fully and fairly submitted to the jury under the correct rules of law, and was in no wise affected by the erroneous charge seeking to give the defendant a right not claimed by him. *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 53, 59 (92 S. E. 391); *Fry* v. *State*, 81 *Ga.* 645 (5) (8 S. E. 308). In this case the abstract charge complained of should not have been given even though it asserted a correct legal proposition, but in view of the fact that we do not think it can reasonably be presumed that it misled the jury to the prejudice of the defendant, we believe the charge though erroneous was not harmful, and the judgment is therefore affirmed. See, in this connection, *Charlon* v. *State*, 106 *Ga.* 400, 402 (3) (32 S. E. 347).

■ Headnote 2 needs no elaboration.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*