### 32657. JACKSON *v.* SHOCKLEY.

DECIDED NOVEMBER 1, 1949. REHEARING DENIED NOVEMBER 17, 1949.

*William S. Shelfer,* for plaintiff in error.

*O. J. Coogler Jr.,* contra.

FELTON, J. R. L. Jackson was sued by R. T. Shockley in the Civil Court of DeKalb County for damages allegedly sustained by reason of the killing of the plaintiff's dog by the defendant. The petition alleged that said dog was peaceably trotting down the

public road on which the defendant was traveling, and only left the road to permit the defendant to pass in his automobile and that the defendant shot and killed the plaintiff's dog without any cause or provocation whatever. The defendant answered and admitted that he killed the plaintiff's dog for the reason that the dog had been on the property of the defendant for two or three weeks and had killed pigs belonging to the defendant and that said dog was on the property of the defendant when killed by the defendant. The jury found for the plaintiff and the defendant moved for a new trial on the general grounds and one special ground, the special ground complaining of the failure of the court to charge the correct principle of law in substance that a person has the right to defend his property against the unlawful acts of man or beast and under certain circumstances to kill in order to protect such property. The motion for new trial was overruled. The defendant's writ of certiorari was overruled, and he excepts.

On being called by the plaintiff for the purpose of cross-examination, the defendant testified: "I have a good many white face cows and a good many hogs. Yes, I killed Mr. Shockley's dog for the reason that it had been killing my pigs." In his own behalf, on direct examination, the defendant testified: "Yes, I shot at that same dog earlier the same day but he got away. That afternoon I saw him on my property and he was trying to scratch under the fence, the hog wire. My cows were also dropping calves in that pasture. When I shot at this dog earlier on the same day that I killed him he had one of my pigs by the neck. I shot at him with a rifle but missed him and then in late afternoon I saw the same dog trying to get back in the pasture where my pigs and calves were and I killed him. . . This dog was on my property when I shot him but I can't say whether or not he had ever killed any of my pigs but that morning he had one of my pigs down; I saw that." The defendant first stated that he killed the dog because it had been killing his pigs. Later he stated that he could not say whether or not the dog had ever killed any of his pigs, but that the dog had had one of the pigs down by the neck on the day in question. At the time of the killing the dog was not molesting the defendant's pigs or calves but was only trying to gain entrance to the de-

fendant's land by digging under the fence. The defendant's evidence does not show that there was such an urgent necessity for protecting his property as would justify the killing of the dog, especially when no less drastic measures were first attempted. The evidence demanded a finding that the defendant was not justified in killing the plaintiff's dog. In this view the trial court's failure to charge the law on justification was harmless error.

The Superior Court of DeKalb County did not err in overruling the certiorari.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*