## BEUTLER v. BERGER

No. 7438. Decided October 4, 1950. (222 P. 2d 562.)

See 3 C. J. S., Animals, Sec. 189. Use of force in driving off trespassing animals, 140 A. L. R. 737. See, also 2 Am. Jur. 781.

*Harvey A. Sjostrom,* Logan, for appellant and defendant.
*M. C. Harris, Charles P. Olson,* Logan, for respondent and plaintiff.

McDONOUGH, Justice.

Plaintiff sued defendant for killing a horse. The animal allegedly died from infection resulting from gunshot wounds purportedly inflicted by defendant. Defendant counterclaimed for trespass. The jury did not return a general verdict, but answered three special interrogatories, finding (a) that defendant shot plaintiff's mare, (b) that the value of the horse was $150, and (c) that the value of feed consumed by plaintiff's animals was $25. The court entered judgment for $125 in favor of plaintiff and defendant appeals, contending that there is not sufficient evidence to support the findings of the jury or the judgment.

Plaintiff went in search of his horses, and found them on defendant's premises. Just as he came upon the premises, he heard a shot fired from a .22-caliber gun. Defendant stated that he had fired to scare the horses. The plaintiff asked whether his horses had done any considerable damage, and defendant said they had done some damage. After driving some of his horses away, plaintiff returned to get the mare in question, and found that she was lying down. She went down several times while being driven back to plaintiff's corral, and plaintiff assumed that the mare was suffering from acute colic. He called the veterinarian. An examination of the horse disclosed that she had been shot in two places and slugs from a .22-caliber gun were found in the rump and in the intestines. The horse died of peritonitis as a result of the infection from gunshot wounds, the following morning.

Plaintiff went to see defendant and accused him of shoot-

ing the mare. According to plaintiff's testimony, defendant did not deny that he shot the mare, but said he had a right to shoot any animal which came onto his place as long as he left it where it was shot. An argument resulted, after which plaintiff commenced this action.

Defendant claimed at the trial that he fired only one shot, and that he fired into the air. He produced witnesses who heard only one shot. Plaintiff also heard only one shot as he came onto defendant's premises. The fact that plaintiff and some of defendant's witnesses heard only one shot does not require a finding that defendant did not fire more than one. There was evidence that plaintiff and others could not have heard a shot until getting in close proximity to where the shooting occurred. The fact that other persons in the neighborhood had been shooting .22-caliber guns the day previous, would not preclude a finding that defendant shot the animal on the day in question in view of his statement that he had a right to shoot a trespassing animal. The claim of justification could well be regarded as inconsistent with a subsequent denial of the shooting. Furthermore, plaintiff testified that the night before, the mare was in good condition, and that shortly after defendant fired the shot which plaintiff heard, the animal went down and went down several times on the way back to the corral, dying the next morning from the effect of one shot.

It is not disputed that defendant was permitted to use only such force as necessary to drive off trepassing animals. There is sufficient evidence to support a finding under the circumstances testified to by plaintiff to the effect that defendant inflicted the fatal wound. Plaintiff's unwillingness to submit the bullets to a ballistician several months later, which is emphasized by appellant, was but an item of evidence to be weighed by the jury. The jury may have reasonably concluded that inasmuch as there was ample opportunity for defendant to

have exchanged his rifle in the meantime for another one of the same make and caliber, plaintiff's refusal to have the controversy determined on the basis of an expert's finding was amply justified.

We have examined appellant's other assignments of error and find them to be without merit. The judgment is therefore affirmed, with costs to respondent.

PRATT, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.