### 37156. LASH v. THE STATE.

CARLISLE, Judge. 1. While, generally, proof that the owner of an automobile was in the automobile while it was being operated by another establishes prima facie that such operation was under the direction and control of the owner (*Moreland v. State,* 164 *Ga.* 467, 139 S. E. 77), and while an owner who delivers possession of his automobile to one known to be

intoxicated or incompetent may be liable both civilly and criminally for the consequences, including injury and death resulting to third persons from the operation of the automobile by such incompetent or intoxicated person, (*Crisp* v. *Wright*, 56 *Ga. App.* 338, 192 S. E. 390; *Gay* v. *Healan*, 88 *Ga. App.* 533, 77 S. E. 2d 47), proof of the presence of the owner in the automobile at the time and place of its negligent operation by the driver establishes only a rebuttable presumption that the owner was in fact controlling and directing the operation of the car, which presumption is overcome by uncontradicted direct evidence that it was not in fact under his direction and control, and to establish liability on the owner for the negligent operation of the automobile by one to whom the owner has delivered the keys and possession of the car, it must be shown that the owner knew, or had reason to know, at the time he delivered possession that the driver was incompetent or intoxicated. Knowledge of intoxication or incompetency is an essential element of liability under such circumstances. *Johnson* v. *Brant*, 93 *Ga. App.* 44, 46 (90 S. E. 2d 587).

2. Accordingly, where, as in this case, it was undisputed that the defendant owner of an automobile was physically present and in the automobile while it was being negligently operated by the driver, and when it inflicted the injuries resulting in the death of a third person for which the defendant· was indicted for murder, but the uncontradicted evidence on behalf of the defendant further showed that the defendant, being intoxicated, had turned the keys over to the driver some hours prior to the accident, and who, two or three hours prior to that time, had consumed about one-half a can of beer, but not to the knowledge of the defendant, and who at that time was not apparently intoxicated or otherwise incapacitated from driving, and that the defendant instructed the driver to take him home, and where the evidence showed that the defendant got in the back seat of the car and "passed out" and that the driver, instead of taking the defendant home, proceeded to drive the defendant's car off on a mission of his own and without the defendant's knowledge and consent, and while so driving the defendant's automobile inflicted fatal injuries on a third person, and as a result thereof he and the defendant were indicted for murder, the conviction of the defendant owner of involuntary manslaughter in the commission of an

unlawful act was not authorized, and the trial court erred in overruling the general grounds of the motion for a new trial.

3. Under the facts stated in the preceding headnote, the only basis for holding the defendant guilty in this case was to find that he had been guilty of criminal negligence in turning the keys of his automobile over to the person who was the driver under the circumstances related. Assuming that this act constituted negligence, it was not, as a matter of law, such a "reckless disregard of consequences or a heedless indifference to the rights and safety of others" coupled with a reasonable foresight that injury would probably result, as to authorize a finding that the defendant was guilty of criminal negligence. *Cain* v. *State,* 55 *Ga. App.* 376 (1), 379 (190 S. E. 371).

4. The portion of the charge relating to implied malice and the circumstances under which the jury could find the defendant guilty of murder as complained of in special ground 2 of the motion for a new trial, if it was error, does not constitute harmful or reversible error under the circumstances of this case since the jury having found the defendant guilty of the lesser offense of involuntary manslaughter obviously did not apply this instruction in reaching their verdict.

5. In the third special ground of the motion, complaint is made that the court erred in instructing the jury as follows: "Drunkenness shall not be an excuse for any crime or misdemeanor, *unless* such drunkenness was occasioned by the fraud, artifice, or contrivance of another person, for the *purpose* of having a crime perpetrated; and then the person so causing said drunkenness, for such malignant purpose, shall be considered a principal, and suffer the same punishment as would have been inflicted on the person committing the offense, if he had been possessed of sound reason and discretion." It is contended that this charge was not authorized by the evidence and placed an undue burden on the defendant and was confusing and misleading to the jury in that there was no evidence that the defendant's drunkenness was voluntary or involuntary. Under the evidence and facts in this case, the only issue was whether the defendant directed and controlled the operation of the automobile at the time and place of the injury of the deceased or whether the defendant had knowingly delivered possession of the car to an incompetent or intoxicated driver. This being so, the latter portion of this

charge did not relate to any issue in the case and was probably harmful to the defendant in that it injected into the case an issue which was not made by the evidence. Furthermore, it is not clear whether this instruction was intended to relate to the defendant's drunkenness or to the intoxication of the driver, and for this reason it was confusing and misleading to the jury. For these reasons, the trial court erred in overruling special ground 3 of the motion.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 13, 1958.

*Casey Thigpen*, for plaintiff in error.

*W. H. Lanier, Solicitor-General, D. E. McMaster, Irwin L. Evans*, contra.