PHILLIP FREEMAN

*v.*

STATE OF TENNESSEE.

362 S.W.2d 251.

(*Nashville,* December Term, 1961.)

Opinion filed November 9, 1962.

MADDUX & CAMERON, T. EUGENE JARED, Cookeville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

MR. CHIEF JUSTICE PREWITT, delivered the opinion of the Court.

The defendant below, Phillip Freeman, was convicted of involuntary manslaughter growing out of an automobile accident and sentenced to serve not more than five years in the State Prison.

Lucille Cleghorn (alias Ripley) was tried jointly with the defendant for the same offense. She received the same sentence as the defendant but she did not appeal.

The principal insistence here is that the case of *Eager and Hill v. State,* 205 Tenn. 156, 325 S.W.2d 815, does not apply and is distinguishable from the case at Bar.

Mickey Judd, a little girl of five years of age, was killed on September 1, 1960, by an automobile owned by the defendant and being driven by his companion Lucille Cleghorn (alias Ripley) as she (the victim) was sitting in a lawn chair on a patio adjacent to or in the vicinity of the Judd Motel, which was being operated by her mother while her father was working in North Dakota. Her brother, Michael, suffered a broken cheek bone as a result of the same incident. The motel was leased to

the victim's father by the paternal grandfather, Oren Judd, who lived in one of the cabins of the motel.

It seems that the defendant and Lucille had been about the cabin occupied by Oren Judd on that date drinking beer with him. They knew that the victim and her brother played in front of the cabins. According to the defendant's statement to the Sheriff he drank 8 cans of beer during this period and Lucille, in her statement, said she drank four cans of beer.

The Sheriff testified that at the time the defendant and Lucille were arrested, shortly after the incident occurred, they were both drunk. This testimony was corroborated by other State's witnesses, who saw them after their arrest.

After the defendant and Lucille were arrested they were asked by the Sheriff if they had any objection to a blood test to determine the alcoholic content of their blood. Lucille, in granting permission, stated that she had been drinking for about a week and said, "I am sure mine will show up bad."

Earlier that morning after the defendant and Lucille came to Oren Judd's cabin, Lucille left in the defendant's car and was to return in about thirty minutes. When she did not come back when she was expected to do so, the defendant became somewhat uneasy about her, saying in the presence of the victim's mother that he did not have any insurance on the car and that Lucille was drunker than he was. During the afternoon the defendant and Lucille carried Oren Judd's dog to the veterinarian, and they made this trip in defendant's car, a 1949 Chrysler, with Lucille driving. They returned about

3:00-3:15 and as they were turning off the highway into the motel drive, the brakes on the automobile ceased to function. The car ran down the drive over the victim and her brother who were on the patio referred to above and crashed into the motel.

The Sheriff examined the automobile shortly after the incident and found that the brake pedal rested on the floor board of the automobile. Several mechanics testified that the brakes were not functioning. The defendant, in his statement, stated that he had trouble on Monday prior to September 1, 1960, the date of the accident.

Now, this incident happened while Lucille was driving and the defendant was sitting on the front seat beside her, both in a drunken condition.

■ The thing that makes the driving of an automobile upon the highways while intoxicated an act malum in se is that the natural and probable result of such action is the killing of some individual. *Holder v. State,* 152 Tenn. 390, 277 S.W. 900, and *Wade v. State,* 174 Tenn. 248, 124 S.W.2d 710.

■ We think this case is controlled by *Eager and Hill v. State,* supra, in that the actions of the defendant in allowing his car to be driven by an intoxicated driver, knowing that the automobile had defective brakes, while he sat in the car by her and made no protest, renders his actions more culpable than the person sitting beside the driver in the Eager and Hill case.

It is insisted by counsel for the defendant that the sudden failure of the brakes immediately prior to the incident did not afford the defendant an opportunity to protest the actions of the driver. It was not the act of

the driver at the time the brakes failed nor the failure of the defendant to protest her actions at that time that amounted to criminal negligence. His permitting her to drive while intoxicated is the act that constituted criminal negligence on his part, especially when he knew the brakes on the car were defective.

It results that all assignments of error are overruled and the judgment of the lower court is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.