## 40108. CAMPION v. McLEOD.

FRANKUM, Judge. 1. This was a suit for damages for trespass to realty by the cutting of timber. It was brought by a remainderman against one who purchased from a life tenant in possession. Under the theory on which the case was tried, the only question on which the defendant's liability depended was whether the tenant had authority in the exercise of her rights under her life estate tenancy to sell the timber in question. She could rightfully cut only such timber as she needed for firewood or for making repairs to the premises or such as was necessary to clear up land for cultivation, *Smith v. Smith*, 105 Ga. 106 (2) (31 SE 135); *Dooley v. Bohannon*, 191 Ga. 7, 9 (11 SE2d 188), or such as was necessary to be cut in the exercise of good husbandry or forestry. *Woodward v. Gates*, 38 Ga. 205 (5). In this case there was not one shred of evidence that the cutting of timber here involved was for the purpose of providing the life tenant with firewood or for the purpose of clearing up land for cultivation or in the exercise of good husbandry or forestry. It was contended by the defendant that the life tenant sold the timber in question to reimburse herself for certain enumerated items of maintenance, repairs, and improvements placed on the premises. Assuming, but not deciding, that the defendant, sued here as a trespasser under the provisions of *Code* § 105-1404, would be entitled to take credit for repairs made by the life tenant against the damages recoverable under the provisions of *Code* § 105-2013, he would not be entitled to take any credit for improvements made on the property, *Dean v. Feely*, 69 Ga. 804 (5), *Hamilton v. Kinnebrew*, 161 Ga. 495 (3) (131 SE 470), and since the uncontradicted evidence shows that the value of the timber at the time of its conversion was at least $2,703.50, and the total credits claimed amounted to only $2,602, which figure included at least some items of improvements made on the premises, it follows that a verdict for the plaintiff in some amount was demanded by the evidence, and that the court erred in overruling the general grounds of the motion for new trial.

2. The two special grounds of the motion assign error on portions of the charge of the court to the effect that if the jury should find that the timber was cut "in the practice of good

forestry" and good husbandry, a verdict for the defendant would be authorized. It is contended that these portions of the charge were not sound as abstract principles of law and were unsupported by the pleadings and the evidence. While the portions of the charge here referred to were not unsound as abstract principles of law, *Woodward v. Gates*, 38 Ga. 205, supra, they were not authorized by either the pleadings or the evidence, there being no contention by the defendant that the trees in question were cut in the practice of good husbandry or good forestry. It is error and presumptively harmful to submit to the jury an issue which is supported by neither the pleadings nor the evidence. *Clarke County School Dist. v. Madden*, 99 Ga. App. 670 (3) (110 SE2d 47), and cit. The court erred in overruling the special grounds of the motion for new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*John P. Rabun, Dan S. Cowart,* for plaintiff in error.
*R. L. Carr,* contra.