## 57996. CROSBY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, James Crosby, and Stephen G. Beverly — an accomplice, were indicted on three counts of robbery by "sudden snatching." Beverly was the principal witness for the state. The defendant attempted to establish an alibi. Defendant appeals his conviction of Counts 2 and 3. *Held:*

1. It is urged that the evidence is insufficient to support the verdicts of guilty as to Counts 2 and 3. The Code provides that "[a] person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . (c) by sudden snatching." Code Ann. § 26-1901 (CCG § 26-1901; Ga. L. 1968, pp. 1249, 1298).

Peggy Bowen, the victim of the purse snatching in Count 2, testified that her purse was in her clothes basket in the laundromat and as she was starting to put her clothes in the washing machine someone grabbed her purse and ran. Although the evidence of distance between the owner and the purse was circumstantial, it is sufficient to support the finding that the taking was in her immediate presence as it is assumed that she was standing immediately by her clothes basket as she was

preparing to transfer the clothes to the washing machine.

As to Count 3, the victim — Janice Voss, did not appear as a witness. The assistant manager of Shoney's, where the purse snatching took place, testified that there were three waitresses on duty at that time. He did not see anyone pick up the purse but as a result of what Janice Voss told him he went to the window and saw "two subjects running." He recognized one of the persons running as Stephen Beverly because Beverly had formerly worked for him.

Beverly, testifying for the state, said that the defendant asked him to help "steal some pocketbooks." He stated that the defendant stole one and then he stole one. They went to Shoney's and there he "stole two more pocketbooks." As they were leaving the defendant "distracted the lady at the cash register and I reached over the thing where the pocketbooks was at and I stole one of them and I left with it and I put it in the car and came back in and he [the defendant] was still talking to the lady, and while her back was turned I got another one, and I got out in the foyer and I noticed a man was looking at me, and, so, I set it down" and then both men left. The evidence is insufficient to establish that this pocketbook was taken from the immediate presence of anyone. It shows only that a waitress was talking to the defendant at the cash register and his accomplice removed a pocketbook from under a counter — somewhere. The relationship or distance between the cash register and the pocketbook was never established. Thus, a principal element of the offense is missing.

2. We will consider the second and third enumerations together. The second enumeration charges "the evidence fails to corroborate the testimony of the accomplice Beverly to the degree required by the law." The third enumeration contends the court erred in charging: "I charge you that the testimony of one accomplice, if there be more than one in your determination, if satisfactory to the jury, may be sufficient to support the testimony of another accomplice."

One of the vital issues at trial and on appeal is the sufficiency of corroboration of the accomplice Beverly.

Only two people were involved in the purse takings. The defendant Crosby entered the defense of alibi. The jury acquitted the defendant of one offense — Count 1. None of the witnesses who testified as to Count 3 could identify the defendant as a participant. Hearsay evidence on this issue was admitted, but we will not consider it, as it has no probative value. *McCrary v. State,* 124 Ga. App. 649 (1) (185 SE2d 586). The court charged the jury on the issues of alibi and corroboration, but included the charge of one accomplice's testimony being legally sufficient to corroborate "another" accomplice's testimony.

Although this charge is correct — as an abstract principle of law, the court should have been aware that there was only one accomplice. The charge was not based upon any evidence in the record.

The instructions of the court in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. *Eidson v. State,* 66 Ga. App. 765, 767 (19 SE2d 373); *Walker v. State,* 146 Ga. App. 237, 244 (246 SE2d 206). Any instruction should stand upon a base founded in the evidence or the lack thereof. "It is also the general rule that instructions even though abstractly correct, should not be given unless authorized by the evidence . . . and when such an unauthorized instruction is given, if it should be confusing or misleading to a jury, a new trial will be required. *Davis v. State,* 190 Ga. 100 (4) (8 SE2d 394)." *Reeves v. State,* 196 Ga. 604, 614 (27 SE2d 375); *Roberson v. State,* 57 Ga. App. 495 (1) (195 SE 881). "Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case." *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 505 (244 SE2d 78); *Hand v. Matthews,* 153 Ga. 75 (3) (111 SE 408); *Rowe v. Cole,* 176 Ga. 592 (7) (168 SE 882); *Carroll v. Craig,* 214 Ga. 257 (6) (104 SE2d 215). Corroboration was a vital issue.

"It is error to inject into a case on trial any extraneous matter not in issue and unsupported by evidence, whether done by improper argument of counsel or by improper instructions on the part of the court . . . Instructions to the jury on a subject unsupported by any evidence and wholly irrelevant is error." *Campbell v.*

*State,* 81 Ga. App. 834, 835 (60 SE2d 169); *Howard v. State,* 86 Ga. App. 85, 88 (70 SE2d 870). "A charge which injects into the case and submits for the jury's consideration issues not made by the [indictment] or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant and is error requiring the grant of a new trial . . . This is particularly true where the evidence on the issues really involved is conflicting [as in the instant case]." *Clarke County School Dist. v. Madden,* 99 Ga. App. 670, 679 (3) (110 SE2d 47); *Campion v. McLeod,* 108 Ga. App. 261, 262 (132 SE2d 848). And where the inapplicable instruction involves one of the vital issues appellate courts take a closer, more critical look, and a less tolerant stance. *Harris v. State,* 191 Ga. 555 (11) (13 SE2d 459); *Wiggins v. State,* 14 Ga. App. 314 (2, 4) (80 SE 724). .

The inapplicable instruction in the instant case authorized the jury to reach a finding of guilty by a theory not supported by the evidence, and we can not say — as a matter of law, that the charge was neither confusing nor misleading. We find prejudicial error. Savant v. State, 544 SW2d 408 (Tex. 1977); Daugherty v. Commonwealth, 572 SW2d 861 (4) (Ky. 1978); Cf. *Harris v. State,* 191 Ga. 555 (11), supra; *Mathis v. State,* 222 Ga. 351, 354 (149 SE2d 812); *Lash v. State,* 97 Ga. App. 622, 625-626 (103 SE2d 653); see also *Bland v. State,* 210 Ga. 100, 107 (78 SE2d 51); *Carroll v. Craig,* 214 Ga. 257, 261 (6) (104 SE2d 215).

3. The remaining enumeration of error is mooted by our finding in Division 2.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED JUNE 11, 1979 — DECIDED JULY 3, 1979.

*Leon A. Wilson, II, Delman L. Minchew,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.