## 64778. READD v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Carl Readd, appeals his conviction of the offense of cruelty to animals.

An accusation was filed against Readd charging him with a misdemeanor offense——cruelty to animals, by the killing of a dog belonging to Lynda Hulsey. Inasmuch as this was a misdemeanor, the reporting and transcribing of the evidence was within the discretion of the trial judge. Code Ann. § 6-805 (b) (Ga. L. 1965, pp. 18, 24). The defendant, through his attorney, waived his right to have a court reporter take down the proceedings. Following his conviction, a "Transcript and Stipulation of Evidence," signed by both lawyers and approved by the judge, was filed with the Court. This stipulated

evidence reveals that Lynda Hulsey was the owner of a dog which had been allowed to run loose in the neighborhood for approximately six years although she was aware there was a leash law requiring the dog to be on a leash. Laura Hulsey, daughter of Lynda Hulsey, testified that she saw the defendant shoot their dog while it was tied to a tree in the defendant's front yard.

The defendant admitted shooting the dog but denied it was tied when he shot it. He testified that "he killed the dog because the dog had killed and injured numerous rabbits which defendant was raising in his back yard . . . Defendant testified that he had taken various efforts to dissuade the dog in question and other dogs from attacking his rabbits . . . On the day the defendant actually killed the dog, defendant observed the dog in his yard running in the direction of the rabbit pens, at which point defendant fired his gun killing the dog."
*Held:*

Generally, in the absence of a statute, the intentional killing of a trespassing dog, merely because it is trespassing is considered to be wrongful. See generally 4 AmJur2d 385, Animals § 135; 3A CJS 804, Animals § 284; 15 ALR2d 578, 580, § 2. However, under Georgia Code Ann. § 62-2005 (Ga. L. 1969, pp. 831, 833), ". . . a person may defend his person or property . . . from injury or damage being caused by a dog; to this end, any person may kill any dog observed causing injury to any person or damage to any domestic animal or fowl." The defendant made a timely request to the court to charge this section which was refused. The trial court held: "The evidence in this case does not justify the charge requested in that *no* testimony indicated that at the time in question, i.e. the time at which the dog was killed, the dog was causing any injury, or was observed causing any injury, to any person or to any domestic animal or fowl." (Emphasis in original.) The Court construed the language of the statute to be in the present tense, i.e. "injury or damage *being caused* by a dog" and "observed *causing* injury," to restrict justification for use of such extreme force to protection of "a person or domestic animal or fowl from injury being caused at that time or within reasonable proximity time wise. There being no evidence in the case to indicate that the dog which was killed was, at the time, causing any injury to persons or animals, nor any evidence that said dog was observed either causing or attempting to cause such injury, the Court concludes that as a matter of law the justification defense contained in Code § 62-2005 was not available under the evidence or reasonable inferences which the jury could have drawn therefrom . . ."

Where the dog is not caught in flagrante delicto, to justify the killing of the dog the cases are divided as to whether the test should be: (1) a reasonable belief or apprehension that the dog intends to

commit the act, or (2) it is necessary to show that the danger of attack is imminent. 15 ALR2d 578, 584, § 4. The better reasoned cases appear to hold that to justify the extreme penalty of killing a dog in defense of self, family, or property, or the person or property of another, such danger must be imminent, and a real or obviously apparent necessity must exist, and the threatened injury could not otherwise have been prevented. Trenka v. Moos, 168 P2d 837, 840-841 (Mont. 1946); Chapman v. Decrow, 45 A 295 (Maine 1899); Reed v. Goldneck, 86 SW 1104, 1105 (Mo. 1905); Wood v. Stotski, 129 A 646 (2) (Md. 1925); Perkins v. Hattery, 155 NE2d 73 (6) (Ohio 1958).

In *Jackson v. Shockley,* 80 Ga. App. 455 (56 SE2d 297), the defendant killed plaintiff's dog as "said dog was peaceably trotting down the public road . . ." Defendant admitted killing the dog but testified that this dog had been killing his pigs and he had seen him earlier that same day and had shot at him but missed. He said that at the time he killed him he was on his property "trying to get back in the pasture where my pigs and calves were and I killed him." This court held "[t]he defendant's evidence does not show that there was such an urgent necessity for protecting his property as would justify the killing of the dog, especially when no less drastic measures were first attempted. The evidence demanded a finding that the defendant was not justified in killing the plaintiff's dog." 80 Ga. App. at 457.

Although *Jackson* predated the current statute, it is compatible with the statute and what we consider the better rule — as stated above. The stipulation of evidence does not show any imminent, real or apparent necessity to kill the dog to prevent the theatened injury. Only such force as is necessary may be used to drive off a trespassing animal. Beutler v. Berger, 222 P2d 562, 563 (Utah 1950). The degree of necessary force is to be measured by the imminence of the peril. Reed v. Goldneck, 86 SW 1104 at 1105, supra. Thus, even though the issue of whether the dog was in such a position or posture to constitute sufficient danger to justify killing him is a question for the jury (Wood v. Stotski, 129 A 646 (3), supra; Trenka v. Moos, 168 P2d 837 (4), supra), since the stipulation of the evidence supports the finding of the trial court that there was *"no* testimony" indicating the dog was posing a peril to the person or property of the defendant a charge was not necessary, and a requested charge not supported by any evidence need not be given. *Booker v. State,* 247 Ga. 74 (274 SE2d 334); *Hill v. State,* 211 Ga. 683 (4) (88 SE2d 145); *Crosby v. State,* 150 Ga. App. 555, 567 (258 SE2d 264). This was an affirmative defense. The defense had the burden of establishing it to justify the giving of a charge. The defendant did not carry his burden and the trial court was correct in refusing to charge when the issue was not supported by

the evidence.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 22, 1982.

*Harvey A. Monroe,* for appellant.
*Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor,* for appellee.