**UNITED STATES, Appellee,**

v.

**James D. BROWN, Private, U.S. Army, Appellant.**

No. 51972.
CM 445684.

U.S. Court of Military Appeals.

Oct. 6, 1986.

For Appellant: *Captain Scott A. Hancock* (argued); *Colonel Brooks B. LaGrua, Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, Captain Claudio F. Gnocchi* (on brief); *Major Joel D. Miller.*

For Appellee: *Captain Richard G. Mann, Jr.* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Larry D. Williams, Captain Robert L. Swann* (on brief); *Captain Frederick A. Johnson.*

*Opinion of the Court*

COX, Judge:

Pursuant to his negotiated pleas at a general court-martial, appellant was convicted of violating a general regulation, drunken driving, involuntary manslaughter, and aggravated assault, in violation of Articles 92, 111, 119(b)(1), and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 911, 919(b)(1), and 928, respectively. He was sentenced by military judge sitting alone to confinement for 2 years, total forfeitures, and a bad-conduct discharge. In

accordance with the terms of a pretrial agreement, the convening authority reduced the confinement to 18 months, but otherwise approved the sentence. The Court of Military Review dismissed Charge III (drunken driving) and affirmed the remaining findings and sentence.

I

This Court granted review to determine: WHETHER THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF CHARGES I AND II (INVOLUNTARY MANSLAUGHTER AND AGGRAVATED ASSAULT) INASMUCH AS ONE CANNOT BE HELD LIABLE AS AN AIDER AND ABETTOR TO ANOTHER WHO COMMITS A CRIMINALLY NEGLIGENT ACT.

Appellant, as the owner of a car, permitted Specialist Four Darrell Robinson, who was drunk, to operate the car on the public highways of Germany. An accident resulted wherein one 15–year–old boy was killed and another boy was seriously injured. Because appellant pled guilty to involuntary manslaughter and aggravated assault and, thus, the Government was not put to its proof, a relative paucity of facts are developed in the record. The following version of events was admitted by appellant during the inquiry into the providence of his pleas:

On the evening of September 10, 1983, appellant attended a party at the home of a fellow soldier, arriving after the party was in progress. During the one-and-one-half to two hours that appellant was present, he observed Robinson drink "two half-liter beers" (a little more than a quart). Appellant was unaware whether Robinson had consumed any other alcohol. In fact, Robinson had consumed three beers and two shots of liquor over a two-hour period. When the party ended, Robinson asked if he could drive appellant's car. Appellant responded with, "You don't have a license." Although Robinson did not have a valid license, he retorted, "Yes, I do." Whereupon, appellant gave his car keys to Robinson and the two soldiers departed in appellant's automobile.

Shortly thereafter, Robinson veered off of the road, traveling for 150 meters with two wheels of the car on the shoulder, knocking over three road markers. Appellant said he grabbed the steering wheel and brought the car back onto the road, telling Robinson "to stop the car because he could have gotten us killed." Eighty-five meters after the car returned to the road, it struck two mopeds driven by the unfortunate boys. At the time of the accident, visibility and road conditions were good. Blood alcohol tests administered two hours after the accident revealed 0.44 milligrams of alcohol per milliliter of blood for appellant and 1.62 milligrams per milliliter for Robinson.

During the inquiry into the providence of appellant's guilty pleas, the military judge explained the law of principals and defined culpable negligence and proximate cause. Although appellant stated that he did not realize Robinson was impaired until he began driving, he admitted that Robinson was drunk at the time appellant allowed him to drive and that "a reasonable person would have known that he was drunk at that time." Appellant also admitted that serious injury and death were foreseeable consequences of permitting a "drunken person" to drive his car and that the death and injury were the proximate cause of his culpable negligence in allowing Robinson to operate his car in a reckless manner while Robinson was drunk.

Appellant now challenges his convictions for involuntary manslaughter and aggravated assault, contending that he cannot be held accountable on a theory of aiding and abetting Robinson's culpably negligent operation of the vehicle because there was no conscious sharing of criminal purpose. In *United States v. Waluski*, 6 U.S.C.M.A. 724, 21 C.M.R. 46 (1956), this Court recognized that one other than the driver could be held accountable for a death if he affirmatively aided or encouraged the driver's culpably negligent operation of a vehicle. Convictions of involuntary manslaughter have been upheld against the owner of a car who has permit-

ted an intoxicated driver to operate the car on the public highways if death results from the operation of the vehicle. *See Story v. United States,* 16 F.2d 342 (D.C. Cir.1926), *cert. denied,* 274 U.S. 739, 47 S.Ct. 576, 71 L.Ed. 1318 (1927); *State v. Whitaker,* 43 N.C.App. 600, 259 S.E.2d 316 (1979); *Freeman v. State,* 211 Tenn. 27, 362 S.W.2d 251 (1962); *Stacy v. State,* 228 Ark. 260, 306 S.W.2d 852 (1957). *But see People v. Marshall,* 362 Mich. 170, 106 N.W.2d 842 (1961) (where owner of vehicle was home in bed at time of accident, owner was not accomplice in death); *Lash v. State,* 97 Ga.App. 622, 103 S.E.2d 653 (1958) (owner could not be convicted of involuntary manslaughter where driver was on a mission of his own without owner's knowledge and consent). Under the circumstances of this case, however, it is unnecessary to base appellant's liability upon his role in aiding Robinson's culpable negligence.* As appellant admitted during the providence inquiry, his conduct in turning over the operation of his car to an intoxicated person was itself culpably negligent. Further, appellant admitted that his conduct in so doing was a proximate cause of the death and injury.

Even so, appellant urges us to hold that his plea is improvident because he admitted only that he *should have known,* not that he actually knew, that Robinson was unfit to drive due to intoxication. In other words, appellant argues that his convictions cannot be upheld based on his culpable negligence because it was not established on the record that he was subjectively aware of the risk he created by permitting Robinson to operate his vehicle. *See* W. LaFave & A. Scott, *Criminal Law,* §§ 30 and 64, at 208–13, 510–12 (1972) (criminal liability for negligence).

■ However, appellant's ignorance, deliberate or otherwise, is not dispositive.

Negligence is distinguished from knowing or purposeful conduct in that it involves the creation of substantial and unjustifiable risk of which the person *should be aware* in view of all the circumstances. *See* A.L.I. Model Penal Code § 2.02 (Comment) at 240–44 (1985). Culpable negligence is defined as "a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others," requiring "a degree of carelessness greater than simple negligence." Para. 198b, Manual for Courts-Martial, United States, 1969 (Revised edition); *see* Part IV, para. 44, Manual for Courts-Martial, United States, 1984. Thus, an accused's conduct must be riskier than that required for simple negligence in order to constitute culpable negligence. Nevertheless, what is required is not that the accused be aware of the substantial risk he is creating, but only that a reasonable person would have realized the risk. *See United States v. Mazur,* 13 M.J. 143, 145 (C.M.A.1982) (Everett, C.J., concurring). *Cf. United States v. Vandenack,* 15 M.J. 230 (C.M.A.1983) (plea provident to vehicular homicide charged as murder where conduct evinced wanton disregard for human life).

Appellant admitted that he reasonably should have known that Robinson was drunk. Appellant also stated that, as owner of the vehicle, he had a duty to ensure that Robinson was fit to drive before he permitted him to do so. By his own admissions, it was established that appellant allowed Robinson to drive, knowing that Robinson had consumed at least one quart of beer within a 2–hour period. Heedlessly turning over the keys to his chariot of death, appellant did not even take the elemental precaution of inquiring how much alcohol Robinson had actually consumed. Although appellant may not have perceived Robinson to be intoxicated at the time of

---

* As noted by Chief Judge EVERETT, we need not decide in this case whether liability can be based on aiding and abetting a negligent act. Several jurisdictions have accepted the proposition that one who engages with others in a common purpose or joint enterprise to carry on an activity in a reckless manner can be convict-

ed of involuntary manslaughter as an aider and abettor. *See People v. Turner,* 125 Mich.App. 8, 336 N.W.2d 217 (1983); *Commonwealth v. Atencio,* 345 Mass. 627, 189 N.E.2d 223 (1963); *State v. Fennewald,* 339 S.W.2d 769 (Mo. 1960); *State v. DiLorenzo,* 138 Conn. 281, 83 A.2d 479 (1951).

entrusting the vehicle to him, appellant admitted that Robinson's impaired condition became very apparent shortly thereafter. Indeed, the test administered 2 hours after the accident showed that Robinson was intoxicated to an appreciable extent.

Had he chosen to do so, appellant could have contested his guilt and placed the burden on the Government to prove its case. In that situation, it would have been up to the factfinders to determine whether the evidence established culpable negligence, simple negligence, or murder as charged. Instead, appellant chose to plead guilty and admit that he was culpably negligent. His own interpretation of events, as reflected in the stipulation of fact and the providence inquiry, are sufficient to sustain the pleas of guilty under Article 45, UCMJ, 10 U.S.C. § 845. *See United States v. Graves,* 20 M.J. 344, 346 (C.M.A.1985).

## II

This Court also specified the following issue for review:

WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PLEAS OF GUILTY TO VIOLATING A LAWFUL GENERAL REGULATION WHICH PROHIBITED AN OWNER OF A VEHICLE FROM AUTHORIZING A PERSON WHO IS INTOXICATED AND WHO DOES NOT HAVE A VALID OPERATOR'S LICENSE TO DRIVE THE VEHICLE, WHEN APPELLANT STATED HE DID NOT KNOW THAT THE DRIVER OF HIS VEHICLE WAS INTOXICATED WHEN HE LOANED HIM THE CAR AND THAT HE RELIED ON THE DRIVER'S ASSURANCE THAT HE HAD A VALID LICENSE.

Appellant pled guilty under Article 92 to violating a general regulation prohibiting the owner of a vehicle from authorizing "an intoxicated person to operate any POV [privately-owned vehicle], knowing or when a reasonable person would know that the person is intoxicated" and permitting the operation of a POV "by any person unless that person is in posses-

sion of a valid POV operator's license issued by the Registrar." Although appellant admitted that he reasonably should have known that Robinson was intoxicated, he claimed that he relied on Robinson's statement that he had a license. He did not indicate, however, that his reliance on Robinson's comment was reasonable under the circumstances. Because the violation of a general regulation is a general-intent offense, mistake of fact is not a defense unless the mistake is both honest and reasonable. *See United States v. Carr,* 18 M.J. 297, 301 (C.M.A.1984). Further examination of the record convinces us that appellant's responses in the providence inquiry did not set up matter in substantial conflict with his plea. *See* Art. 45; *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN did not participate.

EVERETT, Chief Judge (concurring):

Although *United States v. Waluski,* 6 U.S.C.M.A. 724, 21 C.M.R. 46 (1956), may indicate the contrary, I am not yet convinced that a servicemember can be convicted of aiding and abetting a crime that is predicated on negligence. Certainly there is substantial authority that aiding and abetting—as proscribed by Article 77(1) of the Uniform Code, 10 U.S.C. § 877(1)—requires a sharing of purpose, *cf.* W. LaFave & A. Scott, *Criminal Law,* § 64, at 510 (1972); and, if so, it is hard to convict someone on a premise that he shared a purpose with another person who had no purpose but was only culpably negligent.

However, in this case Brown's liability for manslaughter does not depend on proof by the prosecution that he aided and abetted his comrade, Specialist Four Robinson, in the culpably negligent operation of the car. Instead of relying on Article 77(1), affirmance in this case can be based on familiar principles of causation, which apply to courts-martial under the Uniform Code. *Cf. United States v. Jefferson,* 22

M.J. 315 (C.M.A.1986). Brown's culpable negligence in turning over the car to Robinson—rather than the latter's negligence in operating it—provides the grounds for imposing liability here. *Cf.* LaFave & Scott, *supra* at 511–12.

In the providence inquiry the military judge explained aiding and abetting. Subsequently, however, he turned to an alternative basis for liability—namely, that Brown was guilty of culpable negligence by letting someone drive whom he should have known was too drunk and whose negligence led to the victim's death. Despite the confused explanation as to the theory of liability, the providence inquiry adequately elicited the necessary facts; and the stipulation introduced as a prosecution exhibit and Brown's answers to the judge's questions sufficed to show that he was guilty of involuntary manslaughter under Article 119(b)(1), UCMJ, 10 U.S.C. § 919(b)(1). Therefore, I concur in affirming the decision of the Court of Military Review.