ERDMANN, Judge
(dissenting in part and concurring in part):
While I concur with the majority’s disposition of the specified Foster issue, I respectfully dissent from the majority’s conclusion as to the granted issue. Goodman’s statements during the plea inquiry raised the possibility of a defense of mistake of fact. The military judge attempted to resolve the conflict but failed to do so, and then failed to explain the defense of mistake of fact and obtain a disclaimer. I would therefore reverse the decision of the United States Army Court of Criminal Appeals and set aside the findings of guilty to Charge I and its specification.
“Once a military judge has accepted a plea as provident and has entered findings based on it, this Court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused’s statements or other evidence on the record.” United States v. Phillippe, 63 M.J. 307, 309 (C.A.A.F.2006). This court applies “the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant’s guilty plea.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008).
Dep’t of the Army, Reg. 600-20, Personnel-General, Army Command Policy (June 7, 2006) [Army Regulation], prohibits sexual harassment in the Army. The regulation in effect at the time defined and provided examples of “sexual harassment.” Id. at paras. 7-4 — 7-6. Goodman was charged under Article 92, UCMJ, 10 U.S.C. § 892 (2006), with failing to obey Army Regulation 600-20 by “wrongfully sexually harassing [NL].” In order to be guilty of the charged violation, Goodman’s sexually charged comments must have been either “unwelcomed” or “unwanted and unsolicited” and “ha[d] the purpose or effect of unreasonably interfering with [NL’s] work performance or create[d] an in *401 timidating, hostile, or offensive working environment.”[1] Id. at paras. 7-4a (3), 7-6&.
Rule for Court-Martial 916(j) provides for the defense of mistake of fact—
[I]t is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under the circumstances.
“Because the violation of a general regulation is a general-intent offense, mistake of fact is not a defense unless the mistake is both honest and reasonable.” United States v. Brown, 22 M.J. 448, 451 (C.M.A.1986). The issue here is whether Goodman’s statements during the providence inquiry raised the possibility of a defense of mistake of fact and, if so, whether the subsequent inquiry by the military judge adequately resolved whether those statements were inconsistent with Goodman’s guilty plea. To raise the possibility of a defense of mistake of fact, Goodman must have subjectively believed that his conduct was not unwelcome and there must be some evidence that his honest belief was objectively reasonable under the circumstances. See United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F.1996).
During the providence inquiry Goodman stated that NL’s conduct in combination with her reciprocal banter to his “sexually charged” comments gave him “the vibe that she was interested” and that “at the time” it did not strike him that NL was taking offense with his comments. These initial statements reflected Goodman’s subjective belief that at the time of the offense, his comments to NL were not unwelcome. Moreover, contrary to the majority’s assertion that “nothing in the record supports the reasonableness of such a belief,” Goodman’s description of NL’s conduct and the fact that she responded to his comments with similar “sexually charged” comments provided some evidence that Goodman’s subjective belief was objectively reasonable under the circumstances. When asked by the military judge if NL had told him at any time that he should “‘Knock it off or words to that effect,” Goodman responded that she had not.[2]
At that point the military judge was required to either further inquire to clarify that the statements were not inconsistent with his plea or explain the defense of mistake of fact and obtain a disclaimer of the defense. Phillippe, 63 M.J. at 309. The military judge properly indicated that he was having “some difficulty” with the plea and after Goodman conferred with his defense counsel, the military judge conducted a further inquiry.
During the additional inquiry, the military judge asked Goodman if at any point NL had told him, “ T find this sexually charged banter to be inappropriate or offensive.’ ” Goodman responded that he had been informed that NL found the comments to be inappropriate and offensive when he met with his first sergeant after NL had filed a complaint against him after the incident that formed the basis for the wrongful sexual contact offense. Later in the inquiry the military judge again asked whether it was conveyed *402 to him that NL was offended by the comments. Goodman responded, ‘Yes. Later on it was conveyed to me that she was offended by what I was saying.” The military judge then asked, “And now in hindsight, am I correct in hearing from you that you interpret her comments back to you to be a defense mechanism?” (Emphasis added.) Goodman responded, ‘Yes, sir.”
At no point during the additional inquiry did Goodman admit or agree that at the time of the conversations he was aware that NL found his comments unwelcome or that it was unreasonable for him to subjectively believe his comments were welcome. In other words, Goodman never disavowed that he subjectively believed at the time that his comments were welcome nor did he admit that his subjective belief was objectively unreasonable under the circumstances. Having failed to resolve the conflict between Goodman’s guilty plea and his mistaken belief at the time that his comments were not unwelcome, the military judge was required to explain the defense of mistake of fact and attempt to obtain a disclaimer of the defense. As the military judge neither resolved the conflict nor explained the defense of mistake of fact and obtained a disclaimer, this unresolved conflict results in a substantial basis to question Goodman’s guilty plea to Charge I and its specification.
Accordingly, I would reverse the decision of the United States Army Court of Criminal Appeals and set aside the findings of guilty to Charge I and its specification.

. Sexual harassment is unacceptable in the workplace and is widely prohibited at both the state and federal levels throughout the United States. The military, however, is one of the few, if not only, places where workplace sexual harassment (not rising to sexual criminal offenses such as sexual assault or rape) can constitute criminal conduct. Given this shift from an employment violation to a federal criminal violation, I believe that we must carefully scrutinize offenses which criminalize conduct that would not be criminal in the civilian world.

. There is no requirement under the regulation that a victim inform an accused that his/her statements or conduct is unwelcome for an accused to believe that the statements or conduct is unwelcome. However, the lack of such a statement linked to a victim’s active participation in the sexual banter can reasonably indicate receptiveness to the conduct.