## 32956.   OWENS *v.* THE STATE.

Decided March 16, 1950.

*James R. Venable, H. C. Morgan, John L. Respess, Frank Grizzard,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank French, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 5 of the amended motion for a new trial contends that the trial court erred in refusing to permit counsel for the defendant, in the course of his cross-examination of the prosecutor, to ask as to the whereabouts of the home of a girl friend of the prosecuting witness upon whom he had called prior to the time he was robbed. It is insisted that had the answer of the witness disclosed the location of the home of the woman to be in certain neighborhoods of Atlanta, this would reflect upon her as an associate of his and incidentally reflect upon his credibility. While this court is fully cognizant of the fact that people of good moral character sometimes live in the worst type of neighborhoods, yet it is equally true that the reputation of certain neighborhoods is made by the character of the people generally who reside therein. Section 38-1705 of the Code provides that "the right

of cross-examination, thorough and sifting, shall belong to every party, as to the witnesses called against him . ." The discretion of the trial court under which this right is exercised should be used cautiously. Notwithstanding the cross-examination of the prosecuting witness in the instant case was proper and should have been allowed by the court, its only purpose and the only advantage the defendant could have derived therefrom was to reflect upon the credibility of the prosecutor, as to whether or not he had been robbed. Another witness independent of the prosecutor and who was himself a police officer saw Rufus Alexander, the companion of the defendant here, hitting the prosecutor while the latter was down on the street. He saw both the defendant and Alexander flee from the scene, as did another witness who helped apprehend them. The testimony of the prosecutor in the instant case, therefore, was so well corroborated that the error of the trial court refusing to permit the cross-examination complained of in the amended motion for a new trial was thereby rendered harmless.

■ Complaint is made in special ground 4 of the following excerpt from the charge: "The indictment is not evidence and the plea of guilty is not evidence. They merely form or frame the issues for your consideration and determination. The effect of the defendant Owens' plea is to bring him into court with the presumption of innocence in his favor, and that presumption remains with him unless and until the State has proven to your satisfaction his guilt beyond a reasonable doubt." This quoted portion is a correct statement of the law, and is neither misleading nor an expression of opinion as contended by counsel for the defendant. There is no merit in this assignment of error.

■ Special grounds 6 and 7 contend that the trial judge committed error by charging the law relative to conspiracy. The portion quoted in ground 6 is as follows: "The State says in this case that the defendant, along with the other person named in the indictment, was in a conspiracy, so it becomes incumbent upon the court to charge you certain provisions of law in regard to that contention." This sentence is a lucid and correct statement of the State's contention. Special ground 7 does not designate the portion of the charge complained of, and is not complete within itself so as to invoke a ruling of this court. It is apparent

from the record, however, that the charge on the subject of conspiracy contains no reversible error. Special grounds 6 and 7 are therefore without merit.

■ The evidence, including the testimony of eyewitnesses, amply supported the verdict. The defendant offered no evidence, and the jury had a right to disbelieve his unsworn statement. No error of law appearing, the verdict will not be disturbed on the general grounds.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*