## 54444. LISTER v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of cruelty to children in violation of Code Ann. § 26-2801 and sentenced to five years. This appeal follows.

1. Appellant contends that the court committed reversible error by permitting a witness to testify, over objection, that appellant had stated that his alleged victim was twelve years old. This contention must fail.

On cross examination, appellant himself stated that his alleged victim was twelve years old at the time of the offense charged. Appellant's failure to object to this cross examination constituted a waiver of his right to complain to testimony concerning the alleged victim's age. *Watson v. State,* 132 Ga. App. 204 (1) (207 SE2d 685); *Shepherd v. State,* 234 Ga. 75 (1) (214 SE2d 535).

2. Although appellant was indicted for theft prior to being indicted for cruelty to children, his trial for child abuse preceded the theft trial. Appellant, citing Code Ann. § 27-1301, argues that the first indictment formed an issue between the parties and required the state to try the theft case first without forcing a trial on child abuse.

"This provision [Code Ann. § 27-1301] was ruled directory and not mandatory in *Rosenbrook v. State,* 78 Ga. 111 (2), where it was also held that '[B]efore a party could be heard to object, he must show injury to himself, resulting from the act of the court.' As neither injury nor abuse of 'sound discretion' were shown we find the trial judge did not err in ruling against appellant on this ground." *Merrill v. State,* 130 Ga. App. 745, 747 (204 SE2d

632).

3. The testimony shows that the alleged victim of child abuse, now deceased, may have committed suicide by hanging. Appellant maintains that the admission of photographs of the child's corpse was inflammatory and unfairly prejudicial. It is also urged that since the prosecution was not for criminal homicide the pictures were irrelevant and immaterial. We disagree.

The state contended that, among other acts, appellant had on occasion beaten and tied up the child. The photographs in question were relevant and material to establish the nature and severity of bruises and rope marks. See *Eberheart v. State,* 232 Ga. 247 (4) (206 SE2d 12); *Dixon v. State,* 231 Ga. 33 (2) (200 SE2d 138). The pictures were further admissible to support the state's allegation that the child was deprived of necessary sustenance. *Anderson v. State,* 206 Ga. 527 (4) (57 SE2d 563). It follows, therefore, that the photographs are not subject to an objection on the ground that they would inflame the minds of the jury. *Bryan v. State,* 206 Ga. 73 (2) (55 SE2d 574).

Appellant's contention that the photographs of the child's corpse were not admissible because the prosecution was for child cruelty and not criminal homicide "would prevent the State from establishing facts material to the issue." *Bryan v. State,* supra; *Floyd v. State,* 233 Ga. 280, 283 (210 SE2d 810). To exclude this evidence would be to ignore the fact that the state brought charges against appellant for child cruelty after the child's death. Our Supreme Court has ruled that similar photographs are admissible where such photographs are arguably less related to, and less necessary for proof of, the offense charged. See, e.g., *Butler v. State,* 235 Ga. 95 (218 SE2d 835) (Hill & Gunter, JJ., dissenting) (photographs of dead body admissible in armed robbery case). Under the circumstances here, the admission of the photographs could not have been error.

4. Appellant asserts that the court erred in denying his motion for directed verdict of acquittal based on the ground that appellant had not been properly identified.

The record here is replete with testimony identifying the person on trial as the person named in the indictment.

Accordingly, this ground is without merit. *Holmes v. State,* 224 Ga. 553 (7) (163 SE2d 803).

5. Appellant argues that the court erred by suggesting that the appellant had entered a plea of guilty. The charge complained of reads as follows: "I charge you, Members of the Jury, that the indictment against this man is not evidence against him, the fact that he has been indicted is not evidence to be used against him, and neither is a *plea of guilty* evidence." (Emphasis supplied.)

The judge also instructed the jury that: "Now, to this bill of indictment the defendant, Joe Mack Lister, entered a plea of not guilty and he thereby denies each and every material allegation of the indictment."

The charge as a whole was not confusing and could not have misled the jury. There was no error here. *Owens v. State,* 81 Ga. App. 182 (2) (58 SE2d 550).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED OCTOBER 12, 1977.

*McCollum & Rawlins, Elliott P. McCollum, Jr., Walter Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.

