## 57082. CAMPBELL v. THE STATE.

BIRDSONG, Judge.

Willie J. Campbell was convicted of armed robbery and sentenced to serve ten years. Following the denial of his motion for a new trial, Campbell brought this appeal enumerating six alleged errors by the trial court, three dealing with evidentiary matters, two with the failure to furnish the defense with the addresses of the witnesses called by the state, and one dealing with the charge of the court. *Held:*

1. In his first two enumerations of error, Campbell complains that the trial court improperly curtailed appellant's attempts to impeach the co-accused who testified against Campbell. The co-accused had testified that he was not aware of the ramifications of a pre-trial agreement in which the co-accused testified against Campbell in exchange for a recommendation by the state that the co-accused receive six years, with four to be served. In an attempt to impeach the witness and to show bias and motive, counsel for Campbell sought to inquire into the discussions between the co-accused and his counsel concerning the pre-trial negotiations, both in questions to the co-accused and his attorney. Neither the co-accused nor the counsel waived the privilege of the confidential communications.

The trial court did not err in denying Campbell the right to inquire into matters discussed between the co-accused and his counsel. Testimony of a client as to advice given to him by his counsel is incompetent and properly excluded. Communications between attorney and client, except in circumstances not here pertinent, are excluded as a matter of public policy, both in criminal and civil matters. *Braxley v. State,* 17 Ga. App. 196 (14) at pp.

202-205 (86 SE 425). See *Peek & Sullivan v. Boone,* 90 Ga. 767 (17 SE 66); *Security Life Ins. Co. v. Newsome,* 122 Ga. App. 137, 140-141 (176 SE2d 463). This enumeration is without foundation.

2. Appellant bases his third enumeration of error on the trial court's refusal to allow what appeared upon its face to be hearsay testimony. Campbell urged the admission of the testimony, not for the truth of its contents, but to show that another witness for the state had uttered self-impeaching statements. Upon objection by the state that it would constitute hearsay, appellant did not pursue the matter but moved on to new areas of inquiry. At no time did counsel offer to show what the content of the proffered testimony might be. He now brings the refusal to permit the inquiry as an enumeration of error.

No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of its exclusion. *Money v. State,* 137 Ga. App. 779, 780 (224 SE2d 783). This enumeration presents nothing for review.

3. In his fourth and fifth enumerations of error, Campbell contends that it was error for the trial court to deny his motion to discover the addresses in addition to the names of the witnesses that had previously been furnished him by the state. Appellant premised this request upon the fact that there were over fifty names on the list and that counsel was having difficulty locating many of the witnesses. Suffice it to say that Code Ann. § 27-1403 requires only that the state furnish a list of the witnesses on whose testimony the charge against the accused is founded. The statute does not demand that the addresses of all such witnesses be furnished. We conceive this matter to be within the sound discretion of the trial court and this record shows no abuse of such discretion. See *Holsey v. State,* 235 Ga. 270, 271 (219 SE2d 374). These enumerations are without merit.

4. In his last enumeration of error, appellant asserts error in the portion of the charge of the court wherein the

court stated: "The law you take from the Court as given you in the charge, and the facts you get from the witnesses who testify and from such other evidence as has been introduced and admitted and from the statement of the Defendant. Well, I'll strike the last clause: From the statement of the Defendant."

It is Campbell's argument that the above-quoted charge removed from the jury his sworn oral testimony. We disagree. The posture of the evidence shows that while the appellant made an oral admission, there was no "statement" as such offered by the state. The appellant was sworn and testified. The trial court specifically charged that "If, upon consideration of the evidence in this case, you find there is a conflict in the testimony between the witnesses, and the Defendant's testimony, and the Defendant is a witness also in this case, it is your duty to reconcile this conflict. . ."

It is clear that the trial court was eliminating from its charge any reference to a written statement, a matter not appropriate under the facts. Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). This enumeration lacks merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 13, 1979 — 

*Eric G. Kocher,* for appellant.
*Glenn Thomas, Jr., District Attorney, John J. Ossick, Jr., Assistant District Attorney,* for appellee.