### 34564. WOOD v. THE STATE.

JORDAN, Justice.

Appellant, Lewis Wood, was indicted for the murder of his wife, convicted by a Jones County jury and appeals his sentence of life imprisonment.

1. In his first enumeration of error, appellant alleges that the trial court erred in not granting his motion for a new trial, and in his sixth enumeration, he argues that the court erred in not granting his motion for a directed verdict of not guilty. To support each of these enumerations, appellant claims that the evidence introduced at trial was insufficient to support the verdict. The standard used by this court in reviewing the overruling of each of these motions is the same; i.e., the "any evidence" test. *Sheppard v. State,* 235 Ga. 89 (218 SE2d 830) (1975); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975). If the verdict as rendered can be sustained under any reasonable view of the evidence submitted to the jury, the verdict of the jury will not be disturbed on appeal.

A review of the record in this case presents evidence that would authorize a jury to find that the appellant had been arguing with his wife immediately prior to the time she was shot; that appellant was angry because he believed his wife was becoming too friendly with another man; that appellant had to be restrained from confronting this other man; and that appellant was holding the weapon when it discharged, shooting his wife once in the neck. While the evidence could possibly support other hypotheses, such as appellant's defense of accident, there is clearly sufficient evidence to support the jury's verdict that appellant's actions resulted from malice, rather than from accident.

2. Appellant's second enumeration of error contends that a portion of the trial court's pretrial charge was an incorrect statement of law which was highly prejudicial.

The allegedly improper portion of the charge stated: "But remember, you are the ones to determine what the facts are in the case. And if they are wrong then it's up to you to correct them." Appellant contends that this portion of the charge implies that the jury must make the facts appear in such a manner· that a verdict of guilty must be reached.

A trial court's charge to the jury must be read as a whole in determining whether the charge contained error. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1976). The complained-of sentences in this charge concluded a paragraph in which the trial judge had correctly instructed the jury that the arguments of counsel were not to be considered as evidence. The "they" in the last sentence referred, not to any facts, but to the trial counsel, and it is clear that, reviewed in its full context, this portion of the pretrial charge was a correct statement of the jury's fact-finding responsibility and was not error.

3. Appellant next complains that the trial court erred in allowing the introduction into evidence of three x-ray photographs of the victim's wounds on the grounds that they served merely to inflame the minds of the jury. State's Exhibits 3, 4 and 5 consisted of black and white x-ray photographs which depicted only the victim's bone structure and could not be considered so spectacularly gruesome as to be classified as inflammatory. These photographs were relevant and material to the issues in this case and were properly admitted. *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978).

4. The introduction of State's Exhibits 1 and 2, a gun and holster, is also alleged as error by appellant. These exhibits were clearly identified as being in the appellant's possession before his wife was shot and were properly admitted. Additionally their introduction was in no way inconsistent with appellant's defense of accident.

5. Appellant's final enumeration of error contends that the trial court erred in allowing testimony relating to the bullet which allegedly killed the victim, but which was never offered into evidence. Testimony relating to the fact that the victim was killed by a bullet does not conflict in any manner with appellant's defense that his wife was shot accidentally. Since harm, as well as error, must be

shown for reversal, this enumeration of error is also without merit. *Siegel v. State,* 206 Ga. 252 (56 SE2d 512) (1949).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 9, 1979 — DECIDED MARCH 7, 1979.

*Robert H. Green,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*