## 58568. URBAN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

1. The evidence shows that about 4 a.m. on July 18, 1977 in Augusta, Ricky Dunaway, manager of a Pizza Inn restaurant, returned to the restaurant and, leaving his automobile running outside, unlocked and entered the fully illuminated building. Inside, he was surprised, overpowered, and tied up by a person he identified in court as the defendant. Defendant took some money from a change box and left. After managing to telephone for assistance, Dunaway was freed within a short time and discovered that his automobile had been stolen along with his wallet and identification which were in it. On September 7, 1977, in Atlanta, Dunaway's stolen automobile was discovered by police and defendant claimed to be the owner of it. He also claimed to be Ricky Dunaway, produced identification bearing that name, and persisted in that identity for several days until his true identity was discovered through a fingerprint check. Defendant testified that he was in California on the date of the burglary and on cross examination specifically denied having made incriminating admissions about the burglary to Detective Martin. Martin testified in rebuttal and related the admissions defendant had denied making.

The third enumeration is that the court erred in admitting the testimony of Detective Austin concerning defendant's involvement with Dunaway's stolen automobile because it was irrelevant to the burglary allegation and prejudicial as evidence of a crime not charged. Generally, evidence of crimes not charged is inadmissible. However, ". . . testimony relating to other crimes is admissible if such testimony aids in identification or shows the state of mind, plan, motive or scheme of the accused. [Cits.]." *Blake v. State,* 239 Ga. 292, 295 (236 SE2d 637). The testimony of Austin that defendant claimed to be the owner of the automobile which had been stolen from the scene and at the time of the burglary, and that defendant claimed to be Dunaway, was relevant and admissible on the issue of whether

defendant was the person who committed the burglary. There was no error in admitting this testimony.

2. The second enumeration is that the court erred by failing adequately to instruct the jury of the limited purpose for which they could consider the testimony of Detective Martin about the pretrial admissions defendant denied making to him concerning the burglary. When this testimony came into evidence, the court instructed the jury that the testimony was admitted only for the purpose of determining whether defendant's testimony was impeached. We find the instruction sufficient. *Childers v. State,* 131 Ga. App. 74 (205 SE2d 56). Additionally, by not properly objecting to the admission of the testimony, defendant can not now claim error on appeal. *Reid v. State,* 129 Ga. App. 660, 663 (200 SE2d 456).

3. The remaining enumeration is that the court erred in charging the jury that evidence of property taken from the premises of the burglary being found recently thereafter in defendant's possession could be considered in determining whether the defendant was the perpretrator. This charge may have been somewhat confusing in that the evidence showed that the automobile and the identification were not taken from the premises burglarized but from outside the building and that defendant was not connected with the property until nearly two months after the offense. However, this evidence warranted an instruction to the jury, and the charge complained of served that function as it correctly states that such evidence could be considered to determine whether defendant was the person who committed the burglary. "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]" *Campbell v. State,* 149 Ga. App. 299, 301 (254 SE2d 389).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED OCTOBER 30, 1979.

*John S. Dalis,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.