## 59089. MATHIS v. THE STATE.

DEEN, Chief Judge.

Willie Mathis brings this out-of-time appeal from convictions in two separate cases. The indictment included all of the offenses for which he was tried. On May 25, 1977, he was convicted of rape and on July 20, 1977, he was convicted of the rape of a different victim, aggravated sodomy and aggravated assault.

1. As to the May 25, 1977, conviction, appellant contends that the trial court erred in its charge on rape and also asserts the general grounds.

(a) In the preliminary charge to the jury the judge charged the exact language of Code Ann. § 26-2001. After the jury heard the evidence and argument, the judge charged the jury, "[C]arnal knowledge in rape occurs when there is any penetration of the female organ by the male sex organ." Appellant complains that the word "sex" was omitted from the statutory language after the word "female." Failure to charge in the exact language of the Code is not erroneous. *Martin v. State,* 98 Ga. App. 136 (105 SE2d 250) (1958). A charge given in substantially the same language as the Code is sufficient. *Pitts v. State,* 128 Ga. App. 827 (198 SE2d 377) (1973). A mere slip of the tongue is considered harmless when considered in the light of the entire charge. *Stone v. State,* 145 Ga. App. 815

(245 SE2d 62) (1978). It is most unlikely that the charge as a whole would mislead a jury of ordinary intelligence although part of the charge is imprecise. *Campbell v. State,* 149 Ga. App. 299 (254 SE2d 389) (1979). This enumeration is clearly without merit.

(b) We have reviewed the entire record in this case and find that "a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt." *Brown v. State,* 152 Ga. App. 144 (262 SE2d 510) (1979).

2. As to the July 20, 1977, convictions, appellant contends that the trial court erred in denying his motion for a mistrial and asserts the general grounds.

(a) A police officer testified: "This is the arrest warrant we swore out on March 18 for Willie Mathis signed by Jeraldine Head." After an objection to this testimony, the judge held a hearing outside the presence of the jury and denied the motion. When the jury returned, the judge instructed it not to give any consideration to the fact that a warrant was sworn out by anybody and it was admissible solely to show police procedures. As appellant did not renew this motion for a mistrial, there is nothing for this court to review. *Burgess v. State,* 149 Ga. App. 630 (255 SE2d 100) (1979).

(b) This enumeration is without merit for the reasons stated in Division 1 (b) of this opinion.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted January 10, 1980 — Decided February 22, 1980.

*Vernon S. Pitts, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Carole E. Wall, Margaret V. Lines, Assistant District Attorneys,* for appellee.