## 60210. HILL v. THE STATE.

DEEN, Chief Judge.

1. Annie Hill admitted shooting and killing Phyllis Rowland. She was indicted and tried for murder and convicted of voluntary manslaughter. The evidence shows that after an exchange of words between the women in the home of the victim's boyfriend Hill and other visitors left. Their host attempted to restrain Phyllis Rowland but she broke loose, ran from the house, and appeared to be heading toward the appellant who as the appellant approached between 8 and 40 feet of her, drew a pistol and felled her with a single shot. Complaint is made of jury instructions that after the court had charged that the defendant claimed to have acted in self-defense and had given instructions on the law of that defense, he added: "However, a person is not justified in using force . . . if he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant, or is attempting to commit, committing, or fleeing after the commission . . . of a felony or was the aggressor" on the ground that the words "or fleeing after the commission or attempted commission of a felony"

are unsupported by evidence. Assuming there was no evidence of flight (the defendant on leaving the scene announced that she was going home and the police knew where to find her) this portion of the charge was at most merely irrelevant, being one of a number of stated exceptions to the rule concerning the use of force in self-defense. The true question is whether an abstractly correct charge not authorized by the evidence is calculated to confuse and mislead the jury. The harmless error question in jury instructions as applied to criminal cases is discussed at length in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976); where it is obviously highly probable that the error, if existing, did not contribute to the verdict, a reversal will not result. See also *Morrison v. State,* 147 Ga. App. 410 (249 SE2d 131) (1978); *Bradham v. State,* 148 Ga. App. 89 (250 SE2d 801) (1978). Taking the charge as a whole we find no reversible error.

2. Following an objection by defense counsel to the cross examination of the defendant regarding a defense witness, the state's attorney rephrased his question to inquire whether she and the witness contradicted each other concerning a statement of the defendant, to which the defendant replied: "She was all upset over it too. She might have forgot it." The question was not objectionable as invading the province of the jury or as unduly stressing conflicts in the evidence.

3. This is not a murder-or-nothing case. There is ample evidence that, immediately following a verbal altercation in which tempers flared on both sides, the victim tried to approach the defendant who, in the stated belief that the victim intended assaulting her with a knife (although she was in fact unarmed), fired the shot in the heat of anger and fear and as the result of "sudden, violent and irresistible passion." In such cases the sufficiency of the provocation is a question for the jury. *Reynolds v. State,* 131 Ga. App. 247 (205 SE2d 536) (1974).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED SEPTEMBER 17, 1980.

*Hugh Q. Wallace,* for appellant.
*W. Don Thompson, District Attorney,* for appellee.