60740. MITCHELL v. THE STATE.

BIRDSONG, Judge.

Appellant Mitchell was convicted of rape, armed robbery, and three counts of burglary. He enumerates five errors below. *Held:*

1. Mitchell urges that the trial court erred in overruling his motion to suppress evidence. In his brief, he states only that the affidavit for the search warrant and the additional information furnished to the justice of the peace were insufficient to establish probable cause for the search of his trailer. He cites no authority for this contention and gives no reason or rationale why the affidavit and information were insufficient in his opinion. He therefore has abandoned this enumeration of error under Court of Appeals Rule 15 (c) (2). *Wilkie v. State,* 153 Ga. App. 609 (266 SE2d 289). Nevertheless, we do not think the affidavit and information supporting the search warrant is insufficient to establish probable cause. The trial court found it to be sufficient. The presumption on

appeal is with the ruling of the trial court. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *Megar v. State,* 144 Ga. App. 564 (241 SE2d 447). We find no reason to disagree and appellant has not persuaded us that we should. *McKenzey v. State,* 127 Ga. App. 304 (1) (193 SE2d 226).

2. Appellant urges that the trial court erred in assuming the role of prosecutor and questioning the victim and state's witness, Sukie Bartel. He contends the judge implied to the jury that the vital elements of the crime had been proven, when he asked Ms. Bartel: ". . . [t]he people who came in and . . . who had sex with you, do you . . . remember this? The men that came in with the stocking mask? . . . Did you invite them in your house? Did you ask them to come in? . . . Did you ask them to . . . or consent to them having sex with you?" This questioning was not error. The record shows the witness was a Korean woman; she was having difficulty comprehending the prosecutor's question and was obviously highly nervous and confused. The trial judge's questions did not imply that any element had been proven but rather sought to determine whether any had been established. The trial judge has the right to question witnesses to develop fully the truth of the case, the extent of the questioning being for the judge's discretion. *Eubanks v. State,* 240 Ga. 544, 547 (242 SE2d 41).

3. The appellant was not entitled to a directed verdict as to armed robbery on grounds that there was insufficient evidence that money was taken from Ms. Bartel by means of an offensive weapon. The evidence shows that two men came into her apartment with a knife and a stick; they demanded money from her and threatened to kill her if they did not get it. After she told them she did not have money, the two men looked around her apartment and found $4. This constitutes armed robbery. *Welch v. State,* 235 Ga. 243, 245 (219 SE2d 151) and *Battle v. State,* 155 Ga. App. 541, 542 (271 SE2d 679) clearly establish that the immediate presence of a person (Code Ann. § 26-1902; armed robbery) stretches fairly far, and armed robbery convictions are upheld where the items are taken "even out of the physical presence of the victim if what was taken was under his control or his responsibility."

4. Finally, appellant contends the trial court erred in its charge, by indicating that appellant had a burden to produce evidence of his innocence. We find no error. The charge was that "the indictment is not evidence of the guilt, of the defendant, just as his plea of not guilty is not evidence of his innocence." There is no implication here that the appellant had the burden to prove his innocence. The statement is legally correct. In any event, the jury was fully charged that the defendant had no burden to prove innocence, but that the state had every burden to prove guilt. The charge was not misleading or confusing. *Lister v. State,* 143 Ga. App. 483, 485 (238 SE2d 591).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 15, 1981.

*Gary A. Sinrich,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell,* for appellee.