## 63915. SHERRELL v. THE STATE.

SHULMAN, Presiding Judge.

Herman Sherrell was indicted and tried for and convicted of three counts of armed robbery and one count of simple battery. The evidence showed that an evening of revelry, which included the consumption of alcohol and, by two of the victims, the use of marijuana, degenerated into a violent disagreement, during the course of which appellant choked one of the victims until appellant was physically restrained from doing so by another of the victims. Two of the victims, McKee and Williams, testified that Sherrell used a pistol to force them to empty their pockets and leave their belongings behind when they departed. The third victim testified that she saw no pistol and heard no reference to a pistol, but that she emptied her pockets at appellant's demand because appellant was threatening her with a two-by-four board that was four feet long and sharpened on one end. All the victims testified that appellant represented himself as a police officer, threatening to arrest them for possession of marijuana and stating that he would return their

property to them at a later date.

1. Appellant's first two enumerations of error concern the trial court's denial of appellant's motion for a directed verdict of acquittal on all the armed robbery counts. Our review of the evidence shows that there was testimony that appellant took the property of the victims by use of offensive weapons. That evidence supplied the essential elements of the offense of armed robbery. Code Ann. § 26-1902; *Mitchell v. State,* 157 Ga. App. 146 (3) (276 SE2d 658). It cannot be said, therefore, that the evidence demanded a verdict of acquittal; the denial of appellant's motion was correct. Code Ann. § 27-1802.

2. In his remaining enumeration of error, appellant argues that the trial court committed reversible error by refusing to charge on the offense of theft by deception. Appellant's request for that charge was based on his belief that the evidence would have authorized the jury to conclude that the victims emptied their pockets and left their belongings when they departed because they believed appellant was a police officer. The record does not support that assertion. While there was testimony that appellant represented himself to be a "narc" and that he threatened the victims with arrest, there was no evidence that those misrepresentations induced the victims to part with their property. The unanimous testimony was that they gave up their property because appellant threatened them with offensive weapons. Since the evidence did not authorize a charge on theft by deception, there was no error in refusing appellant's request to charge. *White v. State,* 242 Ga. 21 (7) (247 SE2d 759).

*Judgment affirmed. Quillian C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*David E. Perry, Diane L. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.