## 65507. COOPER et al. v. THE STATE.

McMurray, Presiding Judge.

Defendants were indicted for murder and convicted of involuntary manslaughter in the commission of an unlawful act. Defendants appeal, enumerating error arising from the trial court's charge to the jury. *Held:*

Defendant's sole enumeration of error is "[t]he trial court erred in charging the jury that involuntary manslaughter in this situation was a misdemeanor, without ever correcting the charge to show that the case required a felony conviction by the jury, and after receiving a verdict of involuntary manslaughter, setting a sentence of five years to serve." The language which defendants contend was harmful error is emphasized in the following excerpt from the trial court's charge to the jury. "Now, a person commits involuntary manslaughter in the commission of an unlawful act, when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. *A person convicted under this subsection is guilty of a misdemeanor.* I therefore charge you simple battery, ladies and gentlemen, is a commission of an unlawful act other than a felony. A person commits simple battery when he either intentionally makes physical contact of an insulting or provoking nature with the person of another, or intentionally causes physical harm to another. A person convicted, ladies and gentlemen, would be convicted under this section on the basis of a simple battery,.if any." (Emphasis supplied.

The "subsection" referred to in the emphasized language is apparently the subsection setting forth involuntary manslaughter in the commission of an unlawful act. See OCGA § 16-5-3 (a) (formerly Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276)), which provides that a person convicted of this offense shall be punished by imprisonment for not less than one year nor more than five years, a felony punishment. The statement to the jury that involuntary manslaughter in the commission of an unlawful act is a misdemeanor was, at that point, inappropriate. However, during its deliberations the jury requested further instructions as to the definition of involuntary manslaughter. The trial court's recharge, in response to the jurors' request, was almost verbatim to that previously given, except that the inappropiate language *"[a] person convicted under this subsection is guilty of a misdemeanor,"* (emphasis supplied) contained in the main charge, was omitted.

Defendants contend that the verdict was a decision by the jury to find them guilty of a misdemeanor. This verdict, defendants argue, reflects "that the jury held that since a party had been killed, that it

was not equitable that defendants should go entirely free."

There is nothing in the record and transcript to indicate that after the court's recharge there was any confusion in the minds of the jurors as to any of the principles of law involved in the case sub judice. See *Horne v. State,* 155 Ga. App. 851, 853 (2) (273 SE2d 193). Moreover, it is speculative to surmise that the jury was only finding the defendants guilty of a simple misdemeanor because the jurors felt "it was not equitable that defendants should go entirely free."

The trial court's instructions must be considered as a whole and it is most unlikely that the court's charge to the jury as a whole, including the recharge in the case sub judice, would mislead a jury of ordinary intelligence although part of the charge is inappropriate. See *Wood v. State,* 243 Ga. 273 (253 SE2d 751); *Mathis v. State,* 153 Ga. App. 587 (1),588 (266 SE2d 275); *Lister v. State,* 143 Ga. App. 483, 485 (5) (238 SE2d 591). See also *Gober v. State,* 247 Ga. 652, 655 (3) (278 SE2d 386).

Although we have determined that the portion of the trial court's main charge, that is, "[a] person convicted under this subsection is guilty of a misdemeanor" was inappropriate, we have taken the charge as a whole, including the recharge, and find no reversible error. See *Gober v. State,* 247 Ga. 652, 655 (3), supra; *Hill v. State,* 155 Ga. App. 718, 719 (1) (272 SE2d 508).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur. Deen, P. J., Banke and Carley, JJ., concur specially. Shulman, C. J., Birdsong and Pope, JJ., dissent.*

DECIDED JULY 13, 1983.

*Gaines C. Granade,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Wendy Shoob, Assistant District Attorneys,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that the conviction of the defendant should be affirmed. I also agree that if the challenged portion of the trial court's first charge on involuntary manslaughter is error, it is not reversible error when the charge is considered as a whole. *Holliday v. State,* 23 Ga. App. 400 (4) (98 SE 386) (1918). In this connection, both the majority and the dissent — and indeed the briefs of both the state and the defendant — *assume* that the allegedly inarticulate language in the first involuntary manslaughter charge is error. The majority quotes the entire charge on involuntary manslaughter and emphasizes the purportedly erroneous language as being: "a person

convicted under this section is guilty of a misdemeanor." It appears to me that it has been assumed by all that this charge is error because it is *further* assumed by all that — as the dissent phrases it — the trial court actually "clearly informed the jury that involuntary manslaughter occasioned by a simple battery was viewed in the eyes of the law as a misdemeanor." With this basic assumption by the majority, the dissent and both parties, I must respectfully disagree.

In order to place in perspective my view of the law which is applicable to the attacked portion of the charge I must not only repeat herein the original involuntary manslaughter charge with the supposedly incorrect language therein, but I must also set forth the "re-charge" on involuntary manslaughter given by the trial court after being requested to do so by the jury. During the original charge, the trial court instructed the jury as follows: "Now, a person commits involuntary manslaughter in the commission of an unlawful act, when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. *A person convicted under this subsection is guilty of a misdemeanor.* I therefore charge you simple battery, ladies and gentlemen, is a commission of an unlawful act other than a felony. A person commits simple battery when he either intentionally makes physical contact of an insulting or provoking nature with the person of another, or intentionally causes physical harm to another. A person convicted, ladies and gentlemen, would be convicted under this section on the basis of a simple battery, if any." (Emphasis supplied.) As did the majority, I have emphasized the part of the charge enumerated as error.

After the jury had retired and deliberated for some time, the jury simply sent word to the judge that they wanted to be re-charged on involuntary manslaughter. Acceding to the request of the jury, the trial court charged as follows: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. *A person convicted under this section, ladies and gentlemen, must have committed some unlawful act.* And in that regard I charge you, simple battery is the commission of an unlawful act other than a felony. A person commits simple battery when he intentionally makes physical contact of an insulting or provoking nature with the person of another, or intentionally causes physical harm to another." (Emphasis supplied.)

Returning now to the language described as "inappropriate" in the first charge on involuntary manslaughter, I submit that this language — while not overwhelmingly clear to a layman — is a correct

statement of the law. The trial court charged that "a person convicted under this subsection is guilty of a misdemeanor." This is *true* because in order to be convicted of involuntary manslaughter in the commission of an unlawful act, a defendant must be *guilty* of an unlawful act other than a felony. An unlawful act other than a felony is a misdemeanor. See OCGA § 16-1-3 (9) (Code Ann. § 26-401) and OCGA § 16-2-1 (Code Ann. § 26-601). In this case, the misdemeanor was simple battery. Thus, the trial court was not describing the *status* of the offense of involuntary manslaughter; to the contrary, the trial court was telling the jury that in order to convict the defendant of this lesser included crime of murder, the jury must first find that the defendant killed the victim while the defendant was engaged in an unlawful act other than a felony. When the recharge is read in conjunction with the original charge, the meaning of the challenged phrase becomes clear.

As I have stated above, I believe that the portion of the charge attacked by the defendant is subject to criticism only because it may not be perfectly adapted for delivery to laymen and that it does not suffer from any imperfection as a statement of law. When the charge is so construed, there is no basis for reversal. *Urban v. State,* 152 Ga. App. 110(3) (262 SE2d 259) (1979). However, even if the statement were to be construed as misstating the law vis-a-vis the offense of involuntary manslaughter, its inclusion in the original charge does not constitute reversible error. In characterizing the "error" as harmful and reversible, the dissent focuses at length upon its conception of the collective mind of the jury as vacillating between conviction, if its verdict of guilty related to a misdemeanor, and acquittal, if its only other choice would be a felony. In the first place, there is no logical way to conclude that the simple request for a recharge on involuntary manslaughter indicated "the jury's interest in the least serious degree of the crime of homicide and presented the court with their potential concern for a choice of options between an acquittal or rejection of the defense of justification and conviction of a misdemeanor, the crime in its lowest degree." Furthermore — and more importantly — the legal status of the crime (felony or misdemeanor) and the resulting punishment if a guilty verdict is returned, is of absolutely no concern to the jury. Cf. *Evans v. State,* 146 Ga. App. 480 (2) (246 SE2d 482) (1978). In determining whether the defendant was guilty of the crime of involuntary manslaughter or was innocent of any crime because of self defense, the jury was required to make its decision on the basis of the evidence and the evidence alone. Therefore, even if the technically correct language of the trial court could be viewed as being subject to misinterpretation by a layman, that use of language — relating as it does only to the

severity of the classification of the crime — cannot be reversible error. See *Scoggins v. State,* 98 Ga. App. 360 (106 SE2d 39) (1958). Accordingly, I join the majority's decision to affirm the conviction.

I am authorized to state that Presiding Judge Deen and Judge Banke join in this special concurrence.

BIRDSONG, Judge, dissenting.

I dissent from the majority's conclusion that the admittedly inappropriate charge was harmless within the context of the whole charge. The charge as originally given by the trial court clearly informed the jury that involuntary manslaughter occasioned by a simple battery was viewed in the eyes of the law as a misdemeanor. The evidence offered by the defendants presented to the jury the affirmative excuse of defense of another and that though they had participated in the act that brought about the death of the victim, it was only after they sought to act as peacemaker and as a last resort in protection of their friend.

The request for a recharge indicated the jury's interest in the least serious degree of the crime of homicide and presented the court with their potential concern of a choice of options between an acquittal or rejection of the defense of justification and conviction of a misdemeanor, the crime in its lowest degree. Viewed in this context, the charge of the court informing the jury that involuntary manslaughter was merely a misdemeanor could have caused the jury to choose conviction. We cannot speculate what its choice would have been had the jury clearly been aware that its options were justification or a conviction of the more serious felony.

Where the trial court gives an admittedly incorrect instruction and afterwards gives a further but correct instruction on the same issue but fails to withdraw the incorrect instruction and does not call the jury's attention to the withdrawal, error results. Because the sentence in this case was based upon a felony conviction in spite of the jury's apparent belief that no more than a misdemeanor was involved, it is not possible to say that the error was not harmful. *Reece v. State,* 210 Ga. 578 (2a) (82 SE2d 10). Accordingly, I would reverse this conviction and remand for a trial not infected by such an erroneous charge. See *Crosby v. State,* 150 Ga. App. 555, 557 (2) (258 SE2d 264).

I respectfully dissent. I am authorized to state that Chief Judge Shulman and Judge Pope join in this dissent.