## 68061. WORRELL v. THE STATE.

BENHAM, Judge.

Appellant, Carl Joseph Worrell, was convicted by a jury in the Superior Court of Chatham County of voluntary manslaughter, and sentenced to 20 years. The evidence authorized the jury to find that on July 13, 1981, around midnight, Worrell and his girl friend went to the home of Bobby Lee, the victim, in Garden City, Georgia. When defendant, who had been drinking, arrived at the Lee home, the victim's pregnant wife and daughter were in bed. Upon hearing defendant's loud voice and his use of profanity, Mrs. Lee asked defendant to leave. As defendant was leaving, she followed him out on the front porch and told defendant, who was standing at the bottom of the steps with her husband, that he was not welcome at their house any more. Defendant called Mrs. Lee a "bitch" and, immediately thereafter, her husband pushed defendant by the shoulders and told him, "Don't talk to her that way." Mrs. Lee then saw a flash and heard a gunshot. Her husband fell to the ground dead with a gunshot wound below his left eye.

The police were called and defendant, who had been forcibly detained by Mrs. Lee's father, was arrested at the scene and a .32 caliber pistol was recovered on the ground near defendant. Defendant was indicted and tried for murder, but the jury convicted him of voluntary manslaughter. A motion for new trial was denied, and it is from that denial that defendant appeals, contending that the trial court erred (1) in failing to grant a motion for mistrial after an emotional outburst by the widow while she was on the witness stand; and (2) by improperly charging the jury on the principle of criminal negligence.

1. As to defendant's first contention of error on the trial court's failure to grant a mistrial due to the widow's emotional outburst, the record shows that during the presentation of the state's case, a witness was called to identify the pictures of the deceased taken at the autopsy. After the witness identified the pictures, they were left near

the witness stand and another witness was called. That witness was absent, and the prosecutor called the widow, Myra Lee, to testify. Upon seeing the pictures, she began crying and wailing in an uncontrollable manner. The trial judge immediately ushered the jury out of the courtroom and a 35-minute recess was called.

While the jury was out, defendant's attorney made a motion for mistrial due to the emotional outburst of the witness. He did not contend that the outburst was contrived or that it was orchestrated by the prosecution, but that the mere occurrence would warrant a mistrial. The trial judge reserved a ruling on the motion and brought the jury back. He then instructed them that they were not to be swayed or influenced by the emotional outburst nor were they to base their verdict on sympathy, but that their verdict must be based on the testimony, documentary evidence, and the law. The court further instructed the jurors that if they could not set aside the emotional outburst they had witnessed and decide the case on the law and evidence, they would be excused. Finally, the court polled the jury collectively to determine if they were influenced by the outburst, and when there was no response, the trial was resumed.

While court proceedings should be conducted in an orderly and uninterrupted fashion, "[m]easures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial. [Cits.]" *Messer v. State*, 247 Ga. 316, 324 (276 SE2d 15) (1981), cert. denied 454 U. S. 882 (1981).

In the case sub judice the trial court immediately ushered the jury out and declared a recess. Upon their return, the court instructed them to disregard the outburst and polled them as to whether the outburst influenced them in any way. In considering the curative instructions given, we cannot say that the trial court abused its discretion in the matter. *Reed v. State*, 249 Ga. 52 (7) (287 SE2d 205) (1982).

"It is only where no action is taken, or the jury is not properly instructed, and the [outburst] could result in the failure of the defendant to have a fair trial that the discretion of the trial court will be interfered with. [Cit.]" *Holland v. State*, 113 Ga. App. 843 (149 SE2d 919) (1966). Appellant's first enumeration of error is without merit.

2. Appellant's second enumeration of error contends that the trial court erred in charging the jury that defendant should not be acquitted of voluntary manslaughter if the homicide was caused by criminal negligence of the defendant. While appellant cites no cases to support this enumeration of error, we will nevertheless address this matter.

The portion of the charge dealing with this matter was as follows: "If you find that the defendant killed the deceased with a pistol and you further find that the killing was an accident and there was no criminal scheme or undertaking or intention or criminal negligence on the part of the defendant, then it would be your duty to return a verdict of not guilty. If, however, you find that the killing was not an accident, or that it was an accident but that it was caused by criminal negligence of the defendant, then the defendant cannot be excused from the killing under the defense of accident."

The court then charged the jury on murder and voluntary manslaughter. No request for a charge on involuntary manslaughter was made and none was given. After the jury retired, defense counsel objected to the court's charge on criminal negligence, and the court brought the jury back and charged them as follows: "All right, members of the jury, in my charge to you, in the portion on accident, I described criminal negligence to you. In your deliberations in this case, you are not to consider any form of criminal negligence. Just exclude that from your deliberations." No objection was made to the charge, and the jury continued to deliberate until they had a question on the difference between murder and voluntary manslaughter, whereupon they were brought back into the courtroom and fully charged on those offenses. No further mention of criminal negligence was made.

In considering appellant's second enumeration of error, we must view the instructions as a whole, including the recharge, and in doing so we find that it was "unlikely that the court's charge to the jury as a whole . . . would mislead a jury of ordinary intelligence although part of the charge is inappropriate. [Cits.]" *Cooper v. State*, 167 Ga. App. 440, 441 (306 SE2d 709) (1983). We find appellant's second enumeration of error to be without merit, and we affirm the conviction.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1984.

*Alex L. Zipperer III*, for appellant.
*Spencer Lawton, Jr., District Attorney, James B. Ashby, David T. Lock, Assistant District Attorneys*, for appellee.